UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYRON BOBO COOK,

v.  Case No. 8:02-cr-243-T-17MAP
 8:11-cv-1113-T-17MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Cook's untimely-filed motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion" or "motion to vacate"). (Doc. CV-1; CR-186). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

**PROCEDURAL HISTORY**

On September 4, 2002, Cook was charged in a three count superseding indictment. Count One charged him with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 846. In Count Two Cook was charged with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1). In Count Three Cook was charged with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1). Doc. CR-33. Cook went to trial and a jury found him guilty of all three counts. Doc. CR-112. He filed a motion

for new trial. Doc. CR-118. The Court denied the motion for new trial on July 22, 2003. Doc. CR-133.

On August 4, 2003, the Court sentenced Cook to concurrent terms of 240 months imprisonment following his convictions for conspiracy to possess and possession with intent to distribute cocaine and cocaine base. Doc. CR-135.

The Court signed the final judgment on August 5, 2004. Doc. CR-137. The next day, Cook filed a notice of appeal. Doc. CR- 138. On August 9, 2004, the United States Court of Appeals for the Eleventh Circuit granted Cook's motion to dismiss the appeal with prejudice. Doc. CR-169.

Over six years later, on May 19, 2011, Cook filed the instant motion to vacate under 28 U.S.C. 2255. Doc. CR-186 and Doc. CV-1. For the reasons argued below, Cook's motion is both procedurally time-barred and substantively without merit.

## COOK'S SECTION 2255 MOTION IS TIME-BARRED

The timeliness of Cook's section 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year statute of limitations period for federal prisoners seeking habeas relief. 28 U.S.C. § 2255(f). The AEDPA provides, in particular, that a defendant has one year from the date his judgment of conviction becomes final to file his section 2255 motion. Id.; *Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002). As this Court has made clear, AEDPA's one-year statute of limitations period "is a strict deadline intended to create finality for the judicial system." *Castro-Sanchez v. United States*, No. 8:10-cv-509-T-17TBM, 2010 WL 3154328, at *4 (M.D. Fla. Aug. 9, 2010) (Kovachevich, J.) (citing *Dodd v. United States*, 365 F.3d 1273, 1279 (11th Cir. 2004), *aff'd*, 345 U.S. 353 (2005)). "Thus, even a few days delay

beyond the one-year limit is grounds for denying a motion." *Id.* (citing *Close v. United States*, 336 F.3d 1283 (11th Cir. 2003)).

For purposes of calculating the AEDPA's one-year limitations period, the judgment of a defendant who elects not to file a notice of appeal is deemed final when the time for the filing of his appeal from his resentencing has passed. See Fed. R. App. Proc. 4(b)(1)(A)(i); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Adams v. United States*,173 F.3d 1339, 1342 n.2 (11th Cir. 1999); *cf. Ferreira v. Sec'y for Dep't of Corr.,* 494 F. 3d. 1286, 1288 (11th Cir. 2007) (re-starting the section 2254 filing period at resentencing that corrected an illegal sentence pursuant to a habeas petition, holding that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving become final.").

In this case, Cook did file a timely notice of appeal. However he filed a motion to dismiss that appeal and the Eleventh Circuit granted that dismissal with prejudice on August 9, 2004.  Therefore, Cooks' conviction became final on November 7, 2004, ninety days after his direct appeal was dismissed. *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) (when defendant files but then dismisses direct appeal, conviction is deemed final ninety days after dismissal). *See Clay v. United States*, 123 S. Ct. 1072 (2003). Cook had until November 7, 2005, to file a section 2255 motion. Cook's motion is not timely. By filing his section 2255 motion almost six years later, however, Cook's motion to vacate is out of time.

While it is true that the "timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010), this doctrine

is available only when a petitioner establishes both extraordinary circumstances and due diligence. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). The Eleventh Circuit has cautioned in this regard that equitable tolling is an "extraordinary remedy which is typically applied sparingly," *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000), and has found it appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Eleventh Circuit has additionally held that an "inmate bears a strong burden to show specific facts to support her claim of extraordinary circumstances and due diligence," *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008), and that a "petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both," *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir 2006).

Cook has not raised equitable tolling, much less met the heavy burden described above. Cook has not demonstrated due diligence or extraordinary circumstances that would allow him to file this motion out of time. He does not explain, for example, why he did not raise his current grounds for relief on appeal. Nor does he address what, if any, impediments prevented his filing a timely motion. Cook does not provide a reason as to why he is just now filing this motion.

In light of the untimely filing of his section 2255 motion and his failure to meet this heavy burden of demonstrating both extraordinary circumstances and due diligence justifying his delay. Cook's section 2255 motion is time-barred.

## COOK'S SECTION 2255 MOTION IS SUBSTANTIVELY WITHOUT MERIT

In addition to being procedurally time-barred, Cook's section 2255 motion is substantively meritless. In his motion Cook raises four grounds upon which he seeks relief. In Ground One, Cook asserts that he is actually innocent of his offense and the minimum mandatory sentence of twenty years that the judge imposed because, he claims, the jury did not find that the alleged substance of cocaine base was in fact crack cocaine, rather than some other form of cocaine base as defined in Title 21 U.S.C. §841(a)(1) and sites to *U.S. v. O'Brien*, 130 S. Ct. 2169 (2010) in support.

In Ground Two, Cook asserts that the District Court exceeded its jurisdiction under Title 21 U.S.C. § 851(a)(1) in imposing an offense and minimum mandatory sentence of twenty years of imprisonment when the jury did not find that the alleged substance of cocaine base was in fact crack cocaine, rather than some other form of cocaine base as defined in Title 21 U.S.C. §841(a)(1) and sites to *O'Brien*.

In Ground Three, Cook asserts that the District Court violated his fifth, sixth and eighth amendment constitutional rights where the District Court imposed an offense and minimum mandatory sentence of twenty years of imprisonment when the jury did not find that the alleged substance of cocaine base was in fact crack cocaine, rather than some other form of cocaine base as defined in Title 21 U.S.C. §841(a)(1) and sites to *O'Brien.*

In Ground Four, Cook asserts that the offense of conviction and sentence is a complete miscarriage of justice where his offense and minimum mandatory sentence of twenty years of imprisonment when the jury did not find that the alleged substance of cocaine base was in fact crack cocaine, rather than some other form of cocaine base as defined in Title 21 U.S.C. §841(a)(1) and sites to *O'Brien*.

In *O'Brien*, the Supreme Court held that under the statute prohibiting the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime, the fact that a firearm was a machine gun was an element of the offense to be proved to the jury beyond a reasonable doubt, rather than a sentencing factor. *Id.* at 2169.

Generally, a fact that increases the prescribed range of penalties to which a criminal defendant is exposed is an element of the crime. to be charged in the indictment and proved to a jury beyond a reasonable doubt. *Id* at 2170, *citing, Apprendi v. New Jersey,* 120 S. Ct. 2348 (2000). Contrary to Cook's assertions, he was charged with conspiring to possess crack cocaine with the intent to distribute it and possession of crack cocaine with the intent to distribute. The jury found him guilty and specifically found that the alleged substance was in fact "crack cocaine, and not some other form of cocaine base." The verdict form clearly states their findings. Doc. CR-112. This simple statement defeats all four grounds raised by Cook.

Cook could have raised these issues on direct appeal. In fact, he filed a notice of appeal but later filed a motion to dismiss the appeal. That motion was granted with prejudice. He did not pursue a direct appeal from his conviction or sentence. Cook's claims are unsustainable. Ordinarily, claims that previously were available, yet were not raised in a prior proceeding, are procedurally defaulted and barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622-24 (1998). It is well-settled that a defendant must raise a claim at trial and on direct appeal or the claim will be subject to the procedural default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Murray v. Carrier,* 477 U.S. 478, 490-92 (1986).

To overcome a procedural default so that this Court may reach the merits of his

claim, Cook must demonstrate (1) "cause" for his failure to raise the claim earlier and (2) "actual prejudice" resulting from the alleged error. See *United States v. Frady*, 456 U.S. 152, 170 (1982). The "cause and prejudice" standard requires Cook to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." Frady, 456 U.S. at 170 (emphasis in original). As the Supreme Court explained in *Frady,* 456 U.S. at 166, the cause and prejudice standard imposes "a significantly higher hurdle" than the plain error standard of Fed. R. Crim. P. 52 and *United States v. Olano*, 507 U.S. 725 (1993), which applies to forfeited claims raised for the first time on direct appeal.

Since Cook cannot show both cause for his procedural default and prejudice, this Court should not consider Cook's motion unless he can also demonstrate "actual innocence." *Bousley*, 523 U.S. at 620-24.

Cook does not raise or attempt to demonstrate cause for failing to previously raise these issues. Rather he asserts that he was actually innocent of "his offense and the minimum mandatory sentence of twenty years that the judge imposed because, he claims, the jury did not find that the alleged substance of cocaine base was in fact crack cocaine, rather than some other form of cocaine base. He cannot meet this burden because he is not actually innocent of the offense. The jury did find him guilty of the offenses charged and found that the alleged substance of cocaine was crack cocaine and not some other form of cocaine base. He is not actually innocent of the offenses of which he was found guilty. His motion is without merit.

Even if a defendant could assert "actual innocence" as a basis for relief, he would

7

not be entitled to relief if he filed his petition beyond the one-year limitations period of section 2255(f) which is the situation in Cook's case. Now, several years after his conviction was final on November 7, 2004, (see above) Cook seeks post-conviction relief and asserts for the first time "actual innocence" of his offense as a basis for relief pursuant to section 2255.

Section 2255 establishes three exceptions to the primary date for the running of the limitations period (that is, the date on which direct review becomes final). The exceptions are for government-created impediments, the Supreme Court's recognition of new constitutional rights, and the defendant's diligent discovery of new facts. 28 U.S.C. § 2255(f)(2)-(4).

Absent from this list of exceptions is an "actual innocence" exception. This Court never has read into the AEDPA an actual innocence exception to its one-year limitations periods. *See Delguidice v. Florida Dep't of Corr.*, 351 Fed. App'x 425, 426 n.2 (11th Cir. 2009) (we have never held that an actual innocence exception exists to the one-year AEDPA statute of limitations) (citing *Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004)); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000). Other circuit courts have rejected the suggestion that actual innocence relieves a prisoner of a limitations period violation, in both the section 2255(f) context and the similar 28 U.S.C. § 2244 context. *See Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010) ("Henderson has not cited any authority holding that there is an 'actual innocence of the death penalty' exception to the AEDPA statute of limitations. We decline to create such an exception."), *cert. denied,* 131 S.Ct. 2961 (2011); *Araujo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005) ("actual innocence is not a freestanding exception to [the statute of limitation]"); *Escamilla*

8

*v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir. 2005) ("'[A]ctual innocence' is unrelated to the statutory timeliness rules. . . . Actual innocence without a newly discovered claim does nothing at all."); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) ("In general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming."); *Flanders v. Graves*, 299 F.3d 974, 976-78 (8th Cir. 2002) (rejecting actual innocence exception for section 2244's one-year limitations period because "[i]t is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face").

The Supreme Court's recent decision in *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), interpreting 28 U.S.C. § 2244(d) and holding that "section 2244(d) is subject to equitable tolling in appropriate cases," does not specifically address whether this holding extends to a claim of actual innocence, but nothing in the decision suggests that it does. To the contrary, Holland states, "We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562. Because a prisoner knows the facts that establish his factual innocence and that compel his release and he may assert those facts at any time, equity does not command the indefinite tolling of the limitations period for a prisoner who is actually (factually) innocent of the crime of conviction. If his innocence is premised upon a retroactively applicable Supreme Court case that grants him a newly recognized right, 28 U.S.C. § 2255(f)(3) affords the prisoner one year from the date of the decision to pursue his claim, regardless of the previous length of his incarceration. Equity does not require the tolling of the limitations period beyond that.

Therefore, even if a defendant could assert "actual innocence" as a basis for relief, he would not be entitled to relief if he filed his petition beyond the one-year limitations period of section 2255(f).

## COOK'S MOTION TO AMEND HIS MOTION TO VACATE

Cook seeks to amend his motion based on the recent decision in *Shelton v. Secretary, Department of Corrections,* --- F. Supp. 2d ---, 2011 WL 3236040 (M.D. Fla. July 27, 2011) (Fla. Stat. § 893.13 is unconstitutional on its face where the statute makes it unlawful for a person to deliver cocaine, whether he does so purposefully, knowingly, recklessly, or negligently; in absence of mens rea requirement, Fla. Stat. § 893.13 provides too harsh of a penalty for a strict liability crime). Cook contends that his motion to vacate is timely, based on *Shelton*, and that he is actually innocent of his sentence because his prior state convictions were based on Fla. Stat. § 893.13 and he has one year from the date his prior conviction is vacated to file his motion to vacate.

Cook's prior conviction has not been vacated, and he must return to state court and obtain relief there before this Court can grant any relief based on *Shelton.*

## COOK'S REPLY

In his reply, Cook claims that his motion is timely under § 2255(f)(3), which permits a prisoner to file a § 2255 motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review ."

Cook argues that the Supreme Court in *U.S. v. O'Brien*, ⸺ U.S. ⸺, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010), issued a retroactive decision that recognized for the first time the right upon which his motion is based. Since *O'Brien* was decided on May 24, 2010,

10

Cook apparently contends that he had until May 24, 2011 to timely file his § 2255 motion.

Like two other district courts within the Eleventh Circuit, this Court does not hold, nor has Cook provided any authority, that *O'Brien* applies retroactively. *See United States v. Smith*, 1:90–CR–01036–MP–GRJ, 2011 WL 2006342 (N.D. Fla. May 23, 2011); *Oharo v. Wells*, CV 310–086, 2010 WL 5625387 (S.D. Ga. Dec.8, 2010) report and recommendation adopted, CV 310–086, 2011 WL 201688 (S.D. Ga. Jan.19, 2011). A new rule is not "made retroactive to cases on collateral review" unless the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). However, even if *O'Brien* were held to apply retroactively, Cook's § 2255 motion fails on the merits as discussed above.

Accordingly, the Court orders:

1. That Cook's motion to amend his motion to vacate (Doc. 9) is denied.

2. That Cook's motion for leave to file a reply (Doc. 10) is granted. Cook has filed his reply.

3. That the Government's motion to dismiss the motion to vacate (Doc. CV-1; CR-186) is granted. The Clerk is directed to enter judgment for the Government and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant

has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 23, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Maria Chapa Lopez
Myron Bobo Cook